THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KHELSI S. HARVEST, )
)
    Plaintiff, )
)
v. ) Case No. 2:17cv209-WKW-WC
)
THE GRAND RESERVE MGM, LLC, )
and THE GRAND RESERVE, PIKE )
ROAD, )
)
    Defendants. )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on Defendants' motion to dismiss (Doc. 9) Plaintiff's amended complaint, Plaintiff's response in opposition to same (Doc. 19), and Plaintiff's motion for leave to file a second amended complaint (Doc. 18). On June 1, 2017, the District Judge entered an Order (Doc. 14) referring this case to the undersigned Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." After a review of the parties' filings, and for the reasons that follow, the undersigned RECOMMENDS that Defendant's motion to dismiss be denied as moot, and that Plaintiff's motion for leave to file her second amended complaint be granted.

**I.    BACKGROUND**

On April 10, 2017, Plaintiff filed her original Complaint (Doc. 1), alleging that Defendants, her former employer and the apartment complex owned and operated by her

former employer, discriminated against her on the basis of her race, in violation of 42 U.S.C. § 1981. She also alleged that she had filed a charge of race and sex discrimination with the Equal Employment Opportunity Commission ("EEOC"), and that she would amend her complaint to assert race and sex discrimination claims against Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), upon receipt of her right-to-sue letter from the EEOC. Doc. 1 at ¶ 2. Thereafter, on April 20, 2017, Plaintiff filed her amended complaint, alleging her race discrimination claims under § 1981 and Title VII, and her sex discrimination claim under Title VII. *See* Doc. 8.

On May 11, 2017, Defendants filed the instant motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff's amended complaint failed to state any claim upon which relief could be granted. *See* Doc. 10. On June 6, 2017, Plaintiff filed her Motion for Leave to File Second Amended Complaint (Doc. 18) and her Opposition Response to Defendants' Motion to Dismiss (Doc. 19). On June 20, 2017, Defendants filed a reply in support of the motion to dismiss. *See* Doc. 20.

As explained by Plaintiff, based upon information "recently" discovered by counsel via a third party, the proposed second amended complaint adds a claim under the Fair Housing Act ("FHA"), 42 U.S.C. § 3617, *et seq.*, while also removing Plaintiff's sex discrimination claim under Title VII. Doc. 18 at 1-2. Defendants acknowledge the liberal allowance of amendments mandated by Rule 15 of the Federal Rules of Civil Procedure, but appear to nevertheless argue that leave to amend should be denied because Plaintiff's assertion that counsel recently learned of the information alleged in support of Plaintiff's

2

FHA claim is "disingenuous." Doc. 20 at 4. Defendants maintain that Plaintiff's request for leave to amend exemplifies a sort of "piecemeal pleading" that "simply prolongs litigation, particularly when a meritorious Motion to Dismiss is pending." *Id.*

## II. DISCUSSION

Plaintiff has filed a motion to amend her complaint that, except as described above, Defendants do not oppose. Defendants do not argue that leave to amend should be denied because the requested amendment is futile, in that the proposed second amended complaint would be subject to dismissal. *See, e.g., Coventry First,, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'"). Rather, Defendants argue only that the court should deny leave to amend in order to avoid deleterious "piecemeal pleading" that may prolong the litigation. Doc. 20 at 1.

As Defendants recognize, *id.* at 3, Rule 15 imposes a liberal standard for permitting amendment of a complaint. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Defendants' argument that justice does not require leave to amend in this instance is unpersuasive. Defendants fault Plaintiff's counsel for failing to explain the provenance of the information supporting Plaintiff's FHA claim in the proposed second amended complaint, especially considering that such information presumably "was readily available to the plaintiff herself." *See* Doc. 20 at 3-4. In the absence of a satisfactory explanation, Defendants charge that Plaintiff's assertion "seems

3

to be a disingenuous attempt to support her motion." *Id.* at 4. However, it is hardly surprising that, in the early stages of litigation, when an attorney is still investigating a case and preparing to shepherd it through pretrial motions practice, the attorney might discover information that could support an additional claim against a defendant or that might tend to corroborate information provided by the attorney's client such that the attorney feels an additional claim is supported. Here, Plaintiff sought leave to amend her complaint to present her new claim on June 6, 2017, the day the undersigned originally set for Plaintiff to respond to Defendants' motion to dismiss and only a few days after the date on which Plaintiff could have amended her complaint as of right due to the filing of the motion to dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B). As such, it does not appear that Plaintiff's effort flows from any desire to prolong this litigation, and it simply does not strike the undersigned as unduly burdensome to permit Plaintiff the opportunity to amend pursuant to Rule 15(a)(2).

Considering the liberal standard for allowing amendment mandated by Rule 15, Plaintiff is entitled to leave to further amend her complaint. As Defendants appear to acknowledge, Plaintiff's filing of the second amended complaint will moot Defendants' motion to dismiss the amended complaint. *See* Doc. 20 at 4 ("In the event the Court denies plaintiff's motion to amend, the defendant's motion to dismiss is not moot and is due to be granted."). As such, Plaintiff's motion to amend is due to be granted, and Defendants' motion to dismiss is due to be denied as moot.

4

## III. CONCLUSION

For all of the reasons stated above, the Magistrate Judge RECOMMENDS as follows:

a. that Defendants' Motion to Dismiss (Doc. 9) be DENIED as moot;

b. that Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 18) be GRANTED; and

c. that the court enter an order directing Plaintiff to file her second amended complaint and further directing Defendants to file an answer or other responsive pleading to the second amended complaint as contemplated by the Federal Rules of Civil Procedure.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 5, 2017**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee*

*also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 21st day of September, 2017.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE